[Civ. No. 5541.   First Appellate District, Division Two.—October 11, 1926.]

## NORMAN H. BENNETT, Appellant, v. SAN RAMON VALLEY BANK (a Corporation) et al., Respondents.

[1] CONVERSION—EVIDENCE—FINDINGS.—In this action against a bank for conversion of a sum of money alleged to have been received by it in the sale of plaintiff's land, the trial court did not err in finding that the bank had not converted said sum, where the evidence showed that the bank had not received the full amount but only an initial payment on account of the purchase price which it still held.

[2] ID.—SALE OF LANDS — APPLICATION OF PROCEEDS — MORTGAGES — PAYMENT.—In such action, where plaintiff, who was the owner of mortgaged land, deeded it to defendant bank, and authorized the bank in two writings to sell it for stipulated prices and apply the proceeds to his debt to the bank, the words "proceeds of sale" in the second instrument were properly construed by the bank as subject to the payment of the mortgages, which were prior liens.

[3] ID.—BANKS AND BANKING—IDENTITY OF DIRECTORS—IMMATERIAL ISSUE — FINDINGS. — In such action, where the identity of the directors of defendant bank was immaterial, the trial court did not err in omitting to find whether or not a certain person was a director.

[4] ID.—SALE OF PORTION OF LAND—VALUE OF ENTIRE TRACT—EVIDENCE.—In such action, the trial court did not err in excluding evidence as to the value of the entire tract of plaintiff's land, the

proceeds of the sale of a portion of which it was alleged the defendants converted, where no question of sale at a sacrifice was presented and the value of the entire tract was immaterial.

(1) 38 Cyc., p. 2084, n. 16.   (2) 13 C. J., p. 524, n. 29, p. 525, n. 41, 42, p. 527, n. 44, 46, p. 528, n. 50, p. 529, n. 52, p. 539, n. 12; 41 C. J., p. 1013, n. 33.   (3) 38 Cyc., p. 1969, n. 99, 2.   (4) 38 Cyc., p. 2083, n. 13.

APPEAL from a judgment of the Superior Court of Contra Costa County.   A. B. McKenzie, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Peck, Bunker & Cole, L. W. Bennett and C. M. Peck for Appellant.

J. E. Rodgers and A. F. Bray for Respondents.

STURTEVANT, J.—This is an action in conversion.   The judgment went for the defendants and the plaintiff has appealed.

The plaintiff executed a writing in words and figures as follows, to wit:

"November 1st, 1921.

"San Ramon Valley Bank, Walnut Creek, California.

"Gentlemen: We hand you herewith Deed dated October 21st, 1921, in favor of yourself, to property known as the Netto Ranch, containing one hundred and sixty-six (166) acres, more or less.

"Also  Agreement of Sale between Norman H. Bennett and wife to L. Ratto, et al., duly assigned to you, on which there is a balance due of $10,000.00 and interest from March 8th, 1921.

"Also Agreement of Sale between Norman H. Bennett and wife to Marie Huddleston, on which there is a balance of $650.00 and interest due from March 4th, 1921, at 7% which contract is duly assigned to you.

"It is understood that you are to sell the unsold portion of land covered by the above deed at a minimum price of $8,500.00 with the understanding that the proceeds of the sale shall be applied by you towards the payment of my indebtedness to your bank.

"You will please collect the contracts herein assigned to you and apply the proceeds together with what is necessary from the sale of the one hundred acres, toward the mortgage indebtedness now on the land; and you will also please issue Deeds to the parties purchasing under the accompanying Agreements of Sales.

"It is understood that in case of sale of the one hundred acres above referred to that we shall be permitted to rent the same until not later than June 1st, 1922, for which we will be willing to pay a rent of $200.00.

"In connection with this deal we hereby agree to execute a new Chattel Mortgage covering the personal property which we own, to secure our indebtedness now held by you.

"It is understood that in the sale of the one hundred acres herein referred to that any buildings which we may erect on the place after this date will be considered as my personal property upon my giving possession of the place. It is understood that we reserve the right to remove any new buildings or any additions to the present buildings which we may erect subsequently to the date hereof at the time we surrender possession to the land.

                    "Norman H. Bennett.
                    "Harriett B. Bennett.
"Accepted this 1st day of Nov., 1921.
                    "San Ramon Valley Bank,
                    "F. A. Marshall, Cashier."

As stated above, sixty-six acres were included in the agreements to sell mentioned above. Ninety-eight acres remained unsold. The plaintiff was indebted to the bank on unsecured promissory notes in the sum of $8,000. The entire property was covered by two mortgages. One mortgage was in favor of M. S. Netto, given to secure the payment of a promissory note for $14,500, dated April 7, 1919, payable five years after date with interest at 5 per cent per annum computed annually. The second mortgage was given to secure the payment of a promissory note for $3,300, dated March 1, 1920, payable on or before four years after date with interest at 6 per cent per annum computed annually. There were also some small statutory liens incurred in campaigns to destroy squirrels. No sale of the ninety-eight acres

having been made, the plaintiff executed another written
instrument in words and figures as follows:

> "Walnut Creek, California,
> "January 13, 1923.

"San Ramon Valley Bank, Walnut Creek, California.

"Gentlemen: The undersigned hereby consent that the
San Ramon Valley Bank may sell the unsold portion of the
land referred to in paragraph four of that certain instru-
ment dated November 1st, 1921, and signed by the under-
signed for the sum of $8,000.00 instead of $8,500.00, with
the understanding that the proceeds of the sale shall be
applied by you towards the payment of the undersigned
persons' indebtedness, as of the date hereof, to your bank.
It being understood between the undersigned and the said
Bank that all provisions in the said instrument dated Novem-
ber 1st, 1921, hereinbefore referred to, which are contrary
to or interfere with the carrying out of those provisions con-
tained herein, are expressly waived.

> "Yours very truly,
> "NORMAN H. BENNETT.
> "HARRIETT B. BENNETT.

"Agreed to this 15th day of January, 1923.

> "SAN RAMON VALLEY BANK,
> "B. G. ENSIGN, President."

[1]  Soon after the second instrument was signed the
defendant bank obtained a purchaser who made an initial
payment of $500 to the bank on an agreement to purchase
the ninety-eight acres above mentioned. The bank did not
collect any other moneys on that transaction until March
14, 1924. On that date numerous transactions were had in
such a manner that all could fairly be said to be one trans-
action. All mortgages were paid off and likewise the liens.
Thereupon the bank collected moneys under the contracts to
sell and at the same time executed deeds to the purchasers.
To accomplish all of these acts the bank was compelled to
put into the transaction $400 of its own money. The mort-
gage liens could not be removed before March 14, 1924, be-
cause one of the mortgages was not due and payable and the
mortgagee refused to accept payments. However, on March
14, 1924, the mortgages had to be paid because at that time
the mortgagees were threatening foreclosure proceedings.
This action was commenced September 4, 1923. It was the

contention of the plaintiff that the bank was guilty of conversion because it did not apply the $8,000 collected on the sale of the ninety-eight acres on the indebtedness owing by the plaintiff to the defendant bank. An examination of the facts above recited discloses that the bank had not received the $8,000 on September 4, 1923, and could not on that date apply the sum of $8,000 on the plaintiff's debt. On the date last mentioned the bank had paid out no moneys. It had received $500 on the purchase price of the last sale and still held that sum to be thereafter applied under the written instruments which we have quoted. Under these circumstances the trial court committed no error when it made a finding that the respondents had not converted $8,000, the property of the appellant.

[2] The appellant contends that the words "proceeds of the sale," as used in the instrument dated January 13, 1923, mean gross proceeds, and that to place any other meaning on the language is to write into that instrument words not used by the maker. The respondents argue that the words may be read as though the maker had used the expression "net proceeds of the sale." In the form as made we do not feel called upon to adopt either contention. The language of the contract is to govern its interpretation. (Civ. Code, sec. 1638.) The whole of the contract is to be taken together so as to give effect to every part if reasonably practicable, each clause helping to interpret the other. (Civ. Code, sec. 1641.) Several contracts relating to the same matters, between the same parties and made as parts of substantially one transaction are to be taken together. (Civ. Code, sec. 1642.) The contract must receive such an interpretation as will make it lawful, operative, definite, reasonable and capable of being carried into effect. (Civ. Code, sec. 1643.) In taking the course which the bank took, it placed an interpretation on the two written instruments which was authorized by and was not in conflict with the statutory rules which we have cited. The fact that nothing remained to be applied on the unsecured account owing by the appellant to the defendant bank was in no manner created by any act of omission or commission by the bank. That fact arose because the liabilities were too large and the assets were too small. The fact that the mortgages were paid off before foreclosure proceedings were commenced was

expressly authorized by the first instrument and was not prohibited by any language contained in the second instrument. If the liquidation could have taken place November 1, 1921, and the running of interest could have been stopped as of that date, there would have been an equity of over $2,000 in favor of the appellant. The appellant testified that he so estimated the situation when he executed the instrument dated November 1, 1921. That equity was entirely eaten up by the interest which accrued after that date.

The appellant testified that both documents were executed for the purpose of securing the bank. If the contention which he makes at this time is upheld in its entirety it is perfectly clear that neither instrument would operate to secure the bank and that no action whatever could be taken by the bank under either instrument. Guided by the authorities which we have cited, the contention of the appellant cannot be sustained.

[3] In his complaint the plaintiff alleged that certain persons *are* directors. The only denial on the subject in the answer of the defendants is a denial that B. G. Ensign *is* a director. It might have been material to know, under certain circumstances, who were directors when the alleged conversion took place, but it was immaterial who were the directors when the complaint was filed or when the answer was filed. The trial court found the facts in the language of the complaint as to all of the directors except B. G. Ensign. As to him it made no finding. The omission to find on the immaterial issue was not error. Furthermore, there was no evidence that any one of the directors was informed of, or took any part in, the alleged conversion.

[4] The appellant complains of a ruling made by the trial court sustaining an objection to a question propounded to one of the witnesses as to what was the value of the entire tract of real estate, the proceeds of the sale of a portion of which it was alleged the defendants converted. The entire tract included one hundred and sixty-six acres and all but ninety-eight acres was under contracts of sale and was conveyed to the defendant bank subject to such contracts. The remaining ninety-eight acres were, with the plaintiff's consent, sold for $8,000. The case does not present any question of sales at a sacrifice and we perceive no materiality

in the subject matter of the value of the entire property conveyed by the plaintiff, as of the date of the conveyance or as of any other date, and the selling price of which was fixed by the plaintiff.

The judgment is affirmed.

Nourse, J., and Cabaniss, P. J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 8, 1926.